**UNPULISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-4481

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY KEVIN BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge. (CR-03-21)

_____

Submitted:  July 13, 2005                Decided:  August 9, 2005

_____

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

Robert L. Flax, Richmond, Virginia, for Appellant.   Paul J.
McNulty, United States Attorney, Michael J. Elston, Assistant
United States Attorney, Matthew C. Ackley, Special Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Following his guilty plea to possession of cocaine base (crack) and possession of a firearm by a person previously convicted of a felony, Larry Kevin Brown was sentenced to 51 months' imprisonment. He then filed a number of letter motions in the district court, which are the subject of this appeal. For the reasons that follow, we dismiss Brown's appeal from his conviction and sentence, and affirm the district court's orders denying his motions to withdraw his guilty plea and to readdress his motion to dismiss the indictment.

After he was arraigned on the federal charges, Brown moved to dismiss the indictment, alleging that the delay between his indictment and arraignment violated his Fifth and Sixth Amendment rights. However, before this motion was addressed by the district court, Brown entered his plea of guilty to the two charges stated above. The district court accepted his plea and thereafter sentenced Brown to 51 months' imprisonment.

Brown sent a letter to the court asking for modification of his sentence. The district court construed this letter as a timely notice of appeal. Brown promptly communicated with the court that he did not intend this document to be a notice of appeal and the court withdrew the notice of appeal. One month after the court granted his withdrawal of his notice of appeal, Brown sent

another letter stating that he wished to "withdraw the withdraw[]" of his appeal" and "continue on with the appeal process."

We dismiss for lack of jurisdiction Brown's attempt to appeal from his criminal judgment and conviction. In a criminal case, an appeal must be noted within ten days of the entry of judgment unless the court extends the appeal period under Fed. R. App. P. 4(b)(4). Here, the judgment and commitment order was entered on April 22, 2004. Assuming that Brown's letter of May 4, 2004 constituted a valid and timely notice of appeal,[*] Brown's letter requesting to withdraw the appeal resulted in the voluntary dismissal of the appeal. See Fed. R. App. P. 42(a) (allowing voluntary dismissal of appeal on motion of appellant any time prior to Court of Appeals' docketing of appeal). In a letter dated June 13, 2004, Brown stated his intent and desire to continue with his appeal. However, this statement of Brown's intent to appeal from the criminal judgment was too late. See Fed. R. App. P. 4(b)(1); Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (appeal period mandatory and jurisdictional). Thus, this court lacks jurisdiction over Brown's attempt to appeal from the judgment and commitment order entered on April 22, 2004.

Brown also appeals from the district court's orders denying his motion to withdraw his guilty plea and denying his

---

[*]The government disputes that this letter was sufficient to constitute a notice of appeal. Because the appeal--if properly noted--was withdrawn, we need not resolve this issue.

motion in which he requested that the court address his motion to dismiss the indictment which he filed prior to entering his guilty plea. By failing to present any argument with respect to the court's denial of his motion to readdress the motion to dismiss, Brown has waived review of that order. See Edwards v. City of Goldboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); Canady v. Crestar Mortgage Corp., 109 F.3d 969, 973-74 (4th Cir. 1997).

The only remaining issue before the court is the propriety of the district court's order denying Brown's motion to withdraw his guilty plea. Counsel raises this issue in accordance with Anders v. California, 386 U.S. 738, 744 (1967), asking this court to review this portion of the appeal for any meritorious issue.

Fed. R. Crim. P. 11(e) provides that after a defendant has been sentenced, the district court has no authority to grant a motion to withdraw a guilty plea. Fed. R. Crim. P. 11(e); United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996) (decided under former Rule 32(e)). After sentencing, the validity of the plea may be challenged only on direct appeal or in a collateral attack such as a motion pursuant to 28 U.S.C. § 2255 (2000). Because the district court lacked authority to grant the motion, we find no abuse of discretion in the denial of Brown's motion to withdraw his plea. See Wilson, 81 F.3d at 1305. As required by Anders, we have reviewed the record and have found no meritorious issues with

respect to the district court's denial of Brown's motion to withdraw his plea.  Therefore, we affirm the denial of the motion.

In conclusion, we affirm the district court's orders denying Brown's motions to withdraw his guilty plea and to reinstate his motion to dismiss.  We dismiss as untimely Brown's appeal from his Judgment and Commitment order.  We further deny the motions to relieve counsel and to substitute counsel and deny Brown's pro se motions to obtain the case file and records from his trial attorney.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART